FILED
7/10/2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:      CO
          Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) JAIME NOE CEBALLOS MATURIN and<br>(2) DANIEL SOBERANES NUNEZ,<br><br>Defendants. | Case No: EP:24-CR-01416-KC<br><br>**I N D I C T M E N T**<br><br>**CT 1:** 18 U.S.C. §§ 371, 554 – Conspiracy to Smuggle Goods from the United States<br><br>**CT 2:** 18 U.S.C. § 554 – Smuggling Goods from the United States<br><br>*Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

### INTRODUCTION

**At all times relevant to this Indictment:**

1. The Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

2. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 *et seq.*

3. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

4. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

5. Exportation of ammunition to Mexico requires a license.

6. Defendants, **JAIME NOE CEBALLOS MATURIN** and **DANIEL SOBERANES NUNEZ**, did not have a license or any authority to export firearms or ammunition out of the United States to Mexico.

THE GRAND JURY CHARGES:

## COUNT ONE

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

Beginning on or about June 11, 2024, and continuing until on or about June 12, 2024, in the Western District of Texas, Defendants,

**(1) JAIME NOE CEBALLOS MATURIN**
**(2) DANIEL SOBERANES NUNEZ**,

and others known and unknown to the grand jury, knowingly and willfully did combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit the following offense against the United States, that is, knowingly and unlawfully exported and attempted to export from the United States into Mexico, any merchandise, article and object, contrary to any law or regulation of the United States, to wit: approximately 1,950 rounds of 9mm BX ammunition, 700 rounds of 38 Super BG ammunition, 150 rounds of 380 BG ammunition, and 20 rounds of 30-30 BG ammunition, in violation of Title 18, United States Code, Section 554.

## MANNER AND MEANS

The manner and means by which the Defendants **(1) JAIME NOE CEBALLOS MATURIN** and **(2) DANIEL SOBERANES NUNEZ** sought to accomplish the objectives of the conspiracy included, among other things, the following:

  a. At the direction of other unknown persons, the Defendants purchased ammunition to smuggle from the United States;

  b. Using a credit card belonging to Defendant **(2) DANIEL SOBERANES NUNEZ's** wife to purchase ammunition;

  c. Purchasing ammunition from a licensed federal firearms merchant.

  d. Concealing the ammunition to avoid detection during the smuggling; and

  e. Failing to declare the ammunition during the commission of the smuggling.

## OVERT ACTS

In furtherance of the conspiracy alleged in Count One, and to affect the objects thereof, the following overt acts, among others, were committed in the Western District of Texas, and elsewhere:

a. On or about June 11, 2024, at approximately 5:00 p.m., Defendants **(1) JAIME NOE CEBALLOS MATURIN and (2) DANIEL SOBERANES NUNEZ** purchased approximately 1,950 rounds of 9mm BX ammunition, 700 rounds of 38 Super BG ammunition, 150 rounds of 380 BG ammunition, and 20 rounds of 30-30 BG ammunition in El Paso, Texas with the understanding and purpose that the ammunition was to be exported to Mexico;

b. On or about the evening of June 11, 2024, Defendants **(1) JAIME NOE CEBALLOS MATURIN and (2) DANIEL SOBERANES NUNEZ** loaded approximately 1,950 rounds of 9mm BX ammunition, 700 rounds of 38 Super BG ammunition, 150 rounds of 380 BG ammunition, and 20 rounds of 30-30 BG ammunition inside the rocker panel of a white 2012 Dodge Journey's wheel well; and

c. On or about June 11, 2024, at approximately 11:46 p.m., Defendants **(1) JAIME NOE CEBALLOS MATURIN and (2) DANIEL SOBERANES NUNEZ** entered the Bridge of the Americas Port of Entry in the Western District of Texas and attempted to enter the Republic of Mexico, as the respective driver and passenger of the white 2012 Dodge Journey, where they gave false negative declarations to Customs and Border Protection Officers, knowing that they had ammunition in their vehicle at the time.

## COUNT TWO

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

Beginning on or about June 11, 2024, and continuing through and including on or about June 12, 2024, in the Western District of Texas and elsewhere, Defendants,

**(1) JAIME NOE CEBALLOS MATURIN
(2) DANIEL SOBERANES NUNEZ**,

knowingly and unlawfully exported and attempted to export from the United States into Mexico, any merchandise, article and object, contrary to any law or regulation of the United States, to wit: approximately 1,950 rounds of 9mm BX ammunition, 700 rounds of 38 Super BG ammunition,

150 rounds of 380 BG ammunition, and 20 rounds of 30-30 BG ammunition, in violation of Title 18, United States Code, Section 554.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Smuggling Goods from the United States Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 371 and 554, subject to forfeiture pursuant to Title 18 U.S.C § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth above, the United States of America gives notice to Defendants **(1) JAIME NOE CEBALLOS MATURIN** and **(2) DANIEL SOBERANES NUNEZ** of its intent to seek the forfeiture of the property described below upon conviction and pursuant to FED. R. CRIM. P. 32.2, Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

> **Title 18 U.S.C. § 981. Civil Forfeiture**
> (a)(1) The following property is subject to forfeiture to the United States:
> * * *
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Smuggling Goods from the United States in violation of Title 18 U.S.C. § 554 is an offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7)(D).

> **Title 19 U.S.C. § 1595a. Forfeiture and other penalties**
> * * *
> **(d) Merchandise exported contrary to law**
> Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

This Notice of Demand for Forfeiture includes but is not limited to the property described in Paragraph II.

## II.
## Property

1. Approximately 1,950 rounds of 9mm caliber BX ammunition;
2. Approximately 700 rounds of .38 caliber Super BG ammunition;
3. Approximately 150 rounds of .380 caliber BG ammunition;
4. Approximately 20 rounds of 30-30 caliber BG ammunition; and
5. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offense.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: 
Assistant U.S. Attorney